# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY ALDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-633-HDC-PJC |
| ) | |
| INDIAN ELECTRIC COOPERATIVE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to dismiss the second through fifth counts of plaintiff's Amended Complaint. [Dkt.#20]. Plaintiff's Amended Complaint contains two theories of recovery under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et.seq*. (FMLA) (i.e. interference and discrimination), and state supplemental claims for intentional infliction of emotional distress; violation of personal rights, personal insults and defamation under 76 O.S. § 6; and negligent hiring, supervision and retention.

In his Amended Complaint, plaintiff contends he was employed on January 17, 2005, by defendant Indian Electric Cooperative (IEC) as an equipment operator, and that his employment was subject to the provisions of the FMLA. During his employment, plaintiff's minor step daughter (Kayce) had brain cancer. Plaintiff's infant son (Dakota) had part of his intestines removed. Plaintiff's spouse had a torn leg ligament, a heart condition, high blood pressure and dental problems. Plaintiff contends that his wife and children suffered from serious medical conditions which required him to attend their medical appointments, procedures, surgeries, hospitalizations and participate in their care and rehabilitation.

As a result of his family's serious medical conditions, plaintiff missed work and fellow employees donated their sick leave and vacation time to him. Plaintiff asserts that rather than advising him of his rights under the FMLA, IEC informed him that he was missing too much work because of his families' illnesses, and denied him the use of additional sick leave and vacation time, whether donated or not. Plaintiff claims that after a caretaker advised him of his rights under the FMLA, he applied for FMLA leave in the summer of 2006. Plaintiff contends that as a result of his request for FMLA leave, his treatment by IEC and his work conditions deteriorated.

Plaintiff contends that after taking FMLA leave, he was issued formal safety warnings, and "write ups." He was advised he could take no moreسick leave and he was put on formal probation for his past absences. He contends he was moved from equipment operator to groundsman, relegated to picking weeds around the office. Plaintiff further claims that in October, 2007, IEC terminated his employment "because of his need for and use of FMLA leave."

In its motion to dismiss, IEC admits plaintiff's Amended Complaint sets forth a claim under Count I, for interference with rights protected under the FMLA, but moves the Court to dismiss his second through fifth counts for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) F.R.Cv.P., and alternatively, to dismiss Counts III through V as preempted by the FMLA.

A Rule 12(b)(6) motion requires the court to accept as true all well-pleaded facts in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Weise v. Casper*, 507 F.3d 1260, 1271 (10th Cir. 2007). Dismissal is appropriate only if the plaintiff can prove no set of facts in support of his claims entitling him to relief. *Bauchman v. West High School*, 132 F.3d 542 (10th Cir. 1997).

2

**FMLA Claims - - Counts I and II**

Two distinct theories of recovery have been recognized by federal courts under 29 U.S.C. § 2615(a). The "entitlement" or "interference" theory arising under 29 U.S.C. § 2615(a)(1), which provides: "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." And the "retaliation" or "discrimination" theory arising under § 2615(a)(2), which provides: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." See, *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006).

In Count I, plaintiff alleges an "interference" violation of FMLA under § 2615(a)(1), asserting:

> Defendant interfered with the rights of Plaintiff pursuant to 29 U.S.C. §2615(a)(1) by failing to grant him use of the FMLA leave to which he was entitled under law; and Defendant interfered with his rights to medical leave under FMLA by terminating his employment in October, 2007.

In Count II, plaintiff alleges a "discrimination" violation under § 2615(a)(2)&(b), asserting:

> Plaintiff's attempt to exercise his medical leave rights was a significant or motivating factor in his termination by the Defendant in October, 2007.

The defendant moves to dismiss Count II alleging that both counts are based on the same factual allegations. Thus, Count II "does not state a separate cause of action and should be dismissed as being duplicative" of Count I.

The mere fact that plaintiff alleges both theories of recovery under FMLA is not grounds for dismissal. The two theories may be pleaded in the alternative, or the plaintiff may seek recovery under both theories. See, e.g. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282 (10th Cir. 2007).

3

Whether the plaintiff has properly alleged both theories of recovery is determined by whether the plaintiff pleaded sufficient facts to support the separate elements of recovery. According to the Tenth Circuit, to establish an interference claim, plaintiff must show: (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights. *Campbell*, 478 F.3d at 1287. To establish a prima facie discrimination claim, the plaintiff must show: (1) he engaged in a protected activity; (2) the employer took an action that a reasonable employee would have found materially adverse; and (3) there existed a causal connection between the protected activity and the adverse action. *Id.* The Tenth Circuit has characterized the showing required to satisfy the third element under the discrimination theory to be that of "bad faith" or "retaliatory motive" on the part of the employer. *Id.*

The two theories of recovery require different showings and different burdens of proof. The discrimination theory is analyzed under the burden-shifting mechanism discussed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). In contrast, under the interference theory, the employer bears the burden of proof on the third element once the plaintiff has established that the defendant interfered with his rights under the FMLA. See, *Metzler*, 464 F.3d at 1170.

In addition, the two theories differ with respect to the timing of the adverse action. "In order to satisfy the second element of an interference claim, the employee must show that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." *Campbell*, 478 F.3d at 1287. A retaliation claim is shown "when the employee successfully took FMLA leave, was restored to her

prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work." *Id.*

Plaintiff's Amended Complaint is poorly drafted and fails to clearly set forth the distinguishing facts to support his separate theories for relief under the FMLA. However, the Tenth Circuit directs that a complaint does not need to detail factual allegations to survive a motion to dismiss. See, *Robbins v. Oklahoma*, — F.3d — , 2008 WL 747132 (10th Cir. 2008). "A complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Id.* Under Rule 8(a)(1), a complaint is sufficient if (1) it provides the opposing party fair notice of the basis of the claim against them so they may respond to the complaint, and (2) apprises the court of sufficient allegations to allow it to conclude, if the allegations are proven, that the plaintiff has a legal right to relief. See, *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369 (10th Cir. 1979).

The Court finds that plaintiff has pleaded sufficient facts to overcome a Rule 12(b)(6) motion on plaintiff's claim (Count II) for discrimination under FMLA. As previously stated, a discriminatory or retaliation claim is shown when the employee successfully took FMLA leave, was restored to employment, but was adversely affected by an employment action based on incidents post-dating his return to work. To support this theory of relief, plaintiff alleges that after taking FMLA leave, (1) he was issued formal safety warnings, and "write ups," (2) he was advised he could take no more sick leave, (3) he was put on formal probation for his past absences, (3) he was moved from Equipment Operator to Groundsman and (4) he was terminated because of his absences. Accordingly, at this early juncture, defendant's motion to dismiss Count II of plaintiff's amended complaint is **DENIED**.

**FMLA Preclusion - - Counts III through V**

Defendant moves to dismiss plaintiff's state-law tort claims set forth in Count III (intentional infliction of emotional distress), Count IV (protection from harm, personal insult, defamation and injury to personal relations), and Count V (negligent hiring, supervision and retention) claiming that the facts supporting these actions are the same facts supporting plaintiff's FMLA claim, and as such, are precluded by the FMLA. Additionally, defendant contends that plaintiff's remedies are limited to those provided under the FMLA's statutory scheme (lost compensation, interest, liquidated damages, costs, expenses and attorney fees), and that his remedies cannot be expanded by the inclusion of state law tort actions, which allow recovery for emotional distress, pecuniary loss, injury to reputation and punitive damages.

Defendant's assertion is in error. There is no provision within the FMLA which indicates that state law is preempted by its provisions. Rather, 29 U.S.C. § 2651(b) is a strong indication to the contrary. Section 2651(b) provides, "Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act." Further, the cases cited by IEC to support its claim of preclusion are inapposite. For example, In *O'Hara v. Mt. Vernon Board of Education*, 16 F.Supp.2d 868 (S.D.Ohio 1998), a case cited by IEC, the plaintiff brought an action under federal law for violations of FMLA, Title VII and 42 U.S.C. § 1983, and under state law for violations of the Ohio employment discrimination statute, and intentional infliction of emotional distress. There is no statement in the case that FMLA precludes state law claims. Rather, upon granting defendant's motion for summary judgement, the district court reviewed the *merits* of plaintiff's claim for intentional infliction of emotional distress

and found that plaintiff "has shown no evidence that she suffered emotional injury so severe that 'no reasonable man could be expected to endure it.'" *Id.* at 895.

In *Kiely v. University of Pittsburgh Medical Center*, 2000 WL 262580 (W.D.Pa. 2000), another case cited by IEC, the plaintiff brought an action under both Title VII and the FMLA, as well as asserting state law claims for defamation, fraud, misrepresentation, intentional interference with contractual and prospective contractual relations, civil conspiracy and negligence. In reviewing defendant's motion to dismiss under Rule 12(b)(6), the court found sufficient facts to support plaintiff's claim under the FMLA, defamation, intentional interference with prospective contractual relations, and civil conspiracy. Regarding plaintiff's claim for negligence, the district court found that to the extent plaintiff's negligence claim is premised upon actions of the defendant violating the FMLA, his claim was preempted by the FMLA, in other regards, plaintiff's negligence claim could proceed.[1]

IEC failed to cite any authority to support its claim that Congress intended the specific remedies set forth in the FMLA (29 U.S.C. § 2617) to be plaintiff's exclusive remedies. To the contrary, in *Atchley v. Nordam Group, Inc.*, 180 F.3d 1143 (10th Cir. 1999), the plaintiff filed an

---

[1] In the following cases, the plaintiffs filed an action under the FMLA and invoked supplemental jurisdiction to assert various state law claims: *Holtzman v. B/E Aerospace, Inc*., 2007 WL 3379763 (S.D.Fla.)(breach of contract, negligent supervision, negligent retention, defamation and intentional infliction of emotional distress); *Davis v. Albany Intern*, 2006 WL 2972072 (M.D.Ala.) (negligent retention, negligence, intentional infliction of emotional distress, assault and battery and negligent hiring, supervision and training); *Scarbrough v. Chevron*, 2006 WL 1892513 (S.D.Miss.)(emotional distress both negligent and intentional, breach of employment contract, breach of duties of good faith and fair dealing, retaliation and negligent hiring or retention); *Hale* v. *Village of Madison*, 2006 WL 4590879 (N.D.Ohio)(intentional infliction of emotional distress, negligent hiring, training, supervision, and retention and loss of consortium); and *Maldonado v. Frio County, Tx,* 2004 WL 1303661 (W.D.Tex)(negligent hiring, training, supervision, and intentional infliction of emotional distress).

action alleging violations under both Title VII and the FMLA. At the conclusion of trial, the jury awarded plaintiff $9,000 in back pay, $8,000 for emotional distress and other nonpecuniary losses, $9,000 for liquidated damages on the FMLA claim and $65,000 in punitive damages under Title VII. On appeal, defendant argued that the award of liquidated and punitive damages constituted an impermissible double recovery, as punishing the defendant twice for the same wrongful conduct. The Tenth Circuit disagreed, holding that Title VII and the FMLA addressed separate and distinct wrongs, and that a plaintiff may be awarded monetary relief based on both claims, even if based on the same set of facts. *Id.* at 1152. Accordingly, defendant's motion to dismiss Counts III through V of plaintiff's amended complain as being precluded by the FMLA is **DENIED**.

### **Intentional Infliction of Emotional Distress - Count III**

In the alternative, IEC moves to dismiss plaintiff's claim for intentional infliction of emotional distress asserting that the Amended Complaint fails to show the extreme and outrageous conduct required under Oklahoma law.

In support of his claim for intentional infliction of emotional distress, plaintiff claims that as a result of taking FMLA leave, he was told he could not use his cell phone at work, he was watched on his regular work breaks, when he stopped for lunch, and when at home. Plaintiff contends IEC's managers and supervisors harassed, threatened, intimated and persecuted him, making statements such as:

– why wasn't his step daughter's real father or her mother taking her to doctor appointments and the hospital instead of him;

– that people wanted him fired, he was different since he took FMLA leave, he was not giving 100%, he was taking advantage of the company and not giving back;

– he was asked whether he thought FMLA was unlimited, told to keep busy at work, told he could take no more sick leave, and advised that the company was consulting an attorney.

Plaintiff contends that as a result of these statements, and similar others, he suffered emotional distress in the form of headaches, stomach pains, nausea, loss of sleep and vomiting.

Oklahoma adopts the standard set forth in § 46 Restatement of Torts (Second) to establish a claim for intentional infliction of emotional distress. This section provides, in part:

> One who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

See, *Eddy v. Brown*, 715 P.2d 74, 75 (Okla.1986)

To prevail, a plaintiff has to establish that the defendant intentionally or recklessly caused the plaintiff severe emotional distress through conduct that was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Clark v. Brien*, 59 F.3d 1082, 1086, citing *Eddy v. Brown*, 715 P.2d at 75. "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'" *Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004). It is the Court's responsibility initially to determine, as a matter of law, whether the conduct alleged by plaintiff reasonably may be regarded as sufficiently extreme and outrageous to meet the requirements under § 46. *Id*.

It is well settled law, that "liability for the tort of outrage does not extend 'to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Eddy*, 715 P.2d at 77. The Oklahoma court explained its rational:

> The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. Not every abusive outburst or offensive verbal encounter may be converted into a tort; on the contrary, it would be indeed unfortunate if the law were to close all safety valves through which irascible tempers might legally blow off steam. The outrageous and extreme nature of the conduct to be examined should not be considered in a sterile setting, detached from the milieu in which it took place. . . Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

*Id.,* citing § 46, Restatement of Torts (Second), Comment d.

The Court finds that the assertions plaintiff attributes to defendant's managers and supervisors regarding his medical leave of absence are legally inadequate to support a claim under the extreme and outrageous standard required under Oklahoma law. Taking plaintiff's proffered statements as true, and construing them in a light most favorable to plaintiff, such statements are at most in the nature of insults, annoyances, or ordinary rudeness, and do not satisfy the extreme and outrageous standard. See, § 46, Comment d.

Oklahoma courts have consistently found that employment related outbursts rarely meet the §46 criteria of extreme and outrageous conduct. See. e.g. *Eddy v. Brown*, 715 P.2d at 75 (supervisor and foreman's mimicked and ridiculed plaintiff in the workplace); *Anderson v. Oklahoma Temporary Services, Inc.*, 925 P.2d 574 (OK CIV APP 1996)(supervisor made lewd remarks and embarrassed plaintiff by discussing her faults with co-workers); *Mirzaie v. Smith Cogeneration, Inc.,* 962 P.2d 678 (OK CIV APP 1998)(employer loudly berated plaintiff in the workplace and made derogatory sexual comments about her fiancee); *Gabler v. Holder and Smith, Inc*., 11 P.3d 1269 (OK APP CIV 2000) (plaintiff subjected to verbal and mental abuse by vice-president in front of subordinates including unilateral yelling, screaming and shouting of profanities and vulgarities and heard by majority of company's employees); and *Merrick v. Northern Natural Gas Co.*, 911 F.2d

426 (10th Cir. 1990),construing Oklahoma law (supervisor yelled at, cursed, and harshly criticized plaintiff in the workplace).  Accordingly, defendant's motion to dismiss Count III is **GRANTED**.

**<u>Personal Rights, Malicious Wrong & Defamation</u> --  Count IV**

Plaintiff relies on the same statements purportedly made by IEC's managers and supervisors, which he characterizes as harassing, threatening, intimating and persecuting to support a claim for violation of his personal rights, malicious wrong and defamation under 76 O.S. § 6.  Defendant moves to dismiss Count IV claiming such statements are not actionable because he was not physically assaulted and because the statements were purportedly made directly to the plaintiff and not published to a third party.

The Court finds that plaintiff has failed to set forth any purported statement made to him by IEC's managers and supervisors which could properly be classified as harassing, threatening, intimidating or persecuting.  Accepting the statements as true, and construing them in a light most favorable to the plaintiff, the Court finds that such statements are common communications between co-workers in the labor and employment field.  It is not unreasonable, as a matter of law, for a supervisor to inquire of an employee whether another family member is available to assist with the medical needs of a child or spouse of the employee, question whether the employee is adequately fulfilling his employment responsibilities, advise the employee that the company is consulting an attorney to determine legal rights, or discuss the employee's repeated absences from work.

Even construing such statements as "harassing" or "intimating", the Court finds that such conduct does not support a claim under 76 O.S. § 6.  In *Thornton v. Holdenville General Hospital*, 36 P.3d 456, 460 (OK CIV APP 2001), the Oklahoma court held that, "[c]ommunication inside a corporation, between its officers, employees, and agents, is never a publication for the purposes of

actions for defamation." Accordingly, plaintiff has failed to state a claim for defamation. *In Nash v. Baker*, 522 P.2d 1335, 1338 (OK APP CIV 1974), the Oklahoma court held that the "personal relations" which are protected under 76 O.S. § 6, are those contained in 76 O.S. § 8, that is, the abduction of a husband from his wife or a parent from his child, the abduction or enticement of a wife from her husband, of a child from a parent, or from a guardian entitled to its custody, or of a servant from his master. Since plaintiff failed to allege one of the wrongful acts contained within §8, he has failed to state a claim for violation of personal relations under § 6. In *Carrigan v. Henderson,* 135 P.2d 330, 332 (Okla. 1943), the court stated that blatant misconduct by a debt collector which may cause fright, worry and agitation is not actionable under Oklahoma law. The court later explained in *Breeden v. League Services Corporation*, 575 P.2d 1374 (Okla. 1978) that "[i]f the law allowed liability based upon mere insults or indignities, there would be great danger of frivolous claims." *Id.* at 1376. The court held that "there can be no recovery for insults, indignities or threats which are considered to amount to nothing more than mere annoyances." *Id.* Accordingly, the Court finds that plaintiff has failed to state a viable claim for personal insults under 76 O.S. § 6. Defendant's motion to dismiss Count IV is **GRANTED**.

**Negligent Hiring, Supervision & Retention** -- **Count V**

In support of his claim for negligent hiring, supervision and retention, plaintiff asserts, among other things, that IEC had the duty to hire competent supervisors and managers who were properly trained in the FMLA, to properly oversee the conduct of its managers and supervisors, and to terminate supervisors and managers who violated the provisions of the FMLA. In response, the defendant admits that it is vicariously responsible for the acts of its supervisors and managers under

the doctrine of *respondeat superior* and thus plaintiff's claim for negligent hiring, supervision and retention should be dismiss as unnecessary and superfluous.

Oklahoma recognizes a cause of action for negligent hiring, supervision and retention. See, *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997). Such a claim is a vehicle by which an employer can be held liable for its employee's intentional torts in circumstances where the employer either denies that the alleged wrong doer was in its employ, or denies *respondeat superior* liability, that is, that the alleged wrongful act occurred within the employee's scope of employment. *Id.* at 292.

In *Jordan*, the Oklahoma Supreme Court held that when the employer stipulates that liability, if any, would be under the *respondent superior* doctrine, the stipulation makes any other theory of imposing liability on the employer unnecessary and superfluous. *Id.* at 293.

Accordingly, based on IEC's stipulation that the doctrine of *respondeat superior* is applicable to this case, in that IEC accepts responsibility for the acts or omissions of its supervisory employees with regard to plaintiff, the Court finds that plaintiff's independent claim for negligent hiring, supervision and retention set forth in Count V is subject to dismissal as unnecessary and superfluous. Defendant's motion to dismiss Count V is **GRANTED**.

## Conclusion

IT IS THEREFORE THE ORDER OF THE COURT, that as to defendant's motion to dismiss Counts II through V of plaintiff's Amended Complaint [Dkt.# 20], the motion is **granted in part and denied in part**. The Court hereby denies dismissal of Count II of plaintiff's claim for discrimination under the FMLA, denies dismissal of Counts III through V based on defendant's

13

assertion that FMLA preempts state law, but grants dismissal of Counts III, IV and V under Rule 12(b)(6), for failure to state a claim for which relief can be granted. This case shall proceed to discovery on plaintiff's two theories of recovery under the FMLA, as set forth in Counts I and II.

IT IS SO ORDERED this 17th day of April, 2008.

HONORABLE H. DALE COOK
Senior United States District Judge